No. 5040.

(Court of Appeal, Parish of Orleans.)

## THE SMITH BROS. CO., LTD., vs. PETER RANDO AND JOHN ELLERMAN.

Lyle Saxon for plaintiff and appellant.

A. J. Peters for defendant and appellee.

GODCHAUX, J.—During the period from October 17, 1908, to December 17, 1908, the plaintiff sold and delivered to Peter Rando, a merchant conducting a retail barroom, oyster saloon and restaurant in this city, for use in said estblishment, certain merchandise, consisting of liquors and cigars, and on August 27, 1909, when this suit was filed, a balance of $411.89 remained still due and unpaid upon the purchase price of said merchandise. Meanwhile, on April 29, 1909, Rando sold out his entire establishment, including the merchandise on hand, to John Ellerman by formal notarial act of conveyance. In this suit plaintiff seeks to hold Rando and Ellerman liable in solido for the balance due it on the ground that Ellerman when he purchased from Rando, failed to exact from the latter the formal affidavit required by Section 4 of Act 94 of 1896. The lower Court gave judgment against Rando, who made no appearance or defense, but declined to render judgment against Ellerman, and the plaintiff alone prosecutes this appeal and asks that judgment be rendered against Ellerman as prayed for.

It is unnecessary to determine whether or not the affidavit which Rando made in the notarial act of sale to

— 411 —

Ellerman evidences a sufficient compliance with the Statute and it is equally unnecessary to consider whether or not in any case a failure to procure the affidavit required would entail upon the purchaser, as a consequence of this default, a liability for the unpaid purchase price of the merchandise; for the view we take of the case is, that the plaintiff does not belong to that class to which the law has confined the right to invoke the benefits or penalties specified in the Statute.

In the present instance the plaintiff has failed to aver and has failed to prove that any of the merchandise which he sold to Rando was in the latter's establishment on April 29, 1909, or formed part of the stock of goods that was on that date sold by Rando to Ellerman. Consequently neither at the time of said sale nor when this suit was filed was the plaintiff in a position to claim a vendor's lien upon the merchandise which it had sold to Rando. In fact the record shows that all that merchandise had, prior to April 29, 1909, been disposed of by Rando in the ordinary course of trade. Not being a lien claimant upon merchandise that formed the basis of the transaction between Rando and Ellerman, the law confers upon the plaintiff no authority to complain of a violation of the Statute.

"In the instant case, considering the title and text of Act 94 of 1896, we are of the opinion that it fairly appears that the lawmakers had but one object in view, which was to check or suppress the practice of doing away with goods bought on credit, in fraud of the vendor's claim for the unpaid purchase price; and the penalties denounced, and other provisions of the Act, are to be regarded as the means to the attainment of that object."

State vs. Ackerman, 51 An. 1223.

"It was not the purpose to prevent the purchaser

— 412 —

from making any lawful disposition of his property, whether bought on credit or for cash. He may, therefore, lawfully surrender to his creditors in general all the property that he has, and, unless the vendor of particular goods has preserved his privilege for the price, the proceeds of such goods will be distributed among the creditors in general."

Compton vs. Dietlen & Jacobs, 118 La. 359.

Such being the construction placed upon the Act by our Supreme Court, it is apparent that plaintiff cannot claim the benefit of the Statute, and consequently the judgment rejecting its demand against Ellerman is correct, and accordingly is affirmed.

May 16, 1910.

Rehearing refused May 30, 1910.